**SO ORDERED.**

**SIGNED June 21, 2006.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

IN RE:

CHUCK RYAN HUVAL and                          CASE NO. 05-51962
CHRISTINE LaBORDE HUVAL,

   Debtors                                    Chapter 7
-----------------------------------------------------------------
                      MEMORANDUM RULING
-----------------------------------------------------------------

Chuck Ryan and Christine LaBorde Huval ("Debtors") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code[1] on July 27, 2005 ("Petition Date"), and on that day an order for relief was duly entered. Pending before the court is the **UNITED STATES TRUSTEE MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 707(b)** ("Motion to Dismiss"). A hearing on the Motion to Dismiss was held on March 21, 2006. After hearing from counsel, the matter was taken under advisement.

---

[1]Title 11, United States Code. References herein to Title 11 are shown as "section ____."

Section 707(b) provides:

> (b) After notice and a hearing, the court, on its own motion or on a motion by the United States Trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor. In making a determination whether to dismiss a case under this section, the court may not take into consideration whether a debtor has made, or continues to make, charitable contributions . . . .

Both the Bankruptcy Code and Fifth Circuit jurisprudence are silent with regard to the meaning of the phrase "substantial abuse" in the context of section 707(b). The overwhelming majority of cases decided under section 707(b), in addressing the substantial abuse issue refer to the "totality of the circumstances test." See, e.g., In re Lampkin, 221 B.R. 390, 392 (Bkrtcy. W.D. Tex. 1998). Other cases focus primarily upon the debtor's "ability to pay." See, e.g., In re Laman, 221 B.R. 379, 381 (Bkrtcy. N.D. Tex. 1998).

In the instant case, however, the discrete approach the court takes to determine whether "substantial abuse" exists is secondary as a significant threshold question must first be addressed, i.e., is the court restricted to an examination of facts as of the Petition Date the petition is filed, i.e., the "snapshot" approach, or may the court consider facts arising post-petition?

Page 2

This threshold issue is critical since Mrs. Huval, who was unemployed for some 12 months prior to the Petition Date, but did obtain employment approximately 3 weeks post-petition. There was no suggestion that the Debtors in any way manipulated Mrs. Huval's employment—she had been actively seeking employment and had no inkling that the position she ultimately obtained was available or was to become available. As pointed out by Debtors' counsel in his opposition to the Motion to Dismiss:

> At the time of filing this case, CHRISTINA HUVAL had not received one inquiry about her applications for employment as a teacher and had not spoken with anyone regarding employment for the 2005-2006 school year. [She] concluded that employment was not likely until she was certified.
>
> Out of the blue on August 15, 2005 CHRISTINA HUVAL was contacted by the St. Landry Parish School Board about a teaching position at Cankton Elementary. [She] was interviewed and was granted the job, effective August 15, 2005. [She] is still not certified, however, is currently working toward her certification.

The court believes that the only appropriate point to examine whether the granting of relief would be a substantial abuse pursuant to section 707(b) is at the date of filing. The date of filing is a definitive date in time at which all facts can be established. There is no other definitive date in time to examine all facts. The US Trustee suggests that the case can be examined at the date of the section 341 meeting of creditors. Even this date can be moved or continued. While the US Trustee points out

Page 3

that other courts have utilized a "totality of circumstances" approach that considers facts beyond the petition filing date, this court believes that in fairness to all parties involved, it is necessary to have a fixed point in time to review all facts. The date of filing is the logical point in time as it is on that date that a debtor makes the decision to file his or her case. That date, therefore, is the point in time that the court should focus upon to determine whether such filing is abusive.

This is not to suggest, however, that in a particular case the court is powerless to consider post-filing facts relevant to the issue of abuse. The Motion to Dismiss was brought pursuant to section 707(b), which generally compels a review of the debtor's ability to repay debt over time. On the other hand, section 707(a) provides that the court may dismiss a case "for cause." Such cause may easily be found if a debtor has manipulated employment opportunities to remain unemployed on the filing date.

In this particular case, at the date of filing, Mrs. Huval was not employed and had no income. Based upon her lack of income and the Debtors' monthly expenses, the Debtors did not have sufficient income to repay a significant portion of their debts through a chapter 13 plan. As such, the Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

###